**Maria Cristina MARTINEZ–GARCIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71227.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

Michael Franquinha, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Donald E. Keener, Esq., Greg D. Mack, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Cristina Martinez–Garcia, a native and citizen of ·Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's order which denied her requests for cancellation of removal

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

and the opportunity to apply for suspension of deportation.

We have jurisdiction over the purely legal issues raised in this appeal under 8 U.S.C. § 1252(a). We review de novo, *Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir.2003), and we deny the petition.

Martinez–Garcia contends that the chief immigration judge's ("CIJ") directive, which stated that orders to show cause served, but not filed, before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") would not be accepted for filing after March 31, 1997, constituted improper rule-making in violation of the Administrative Procedure Act, and adversely affected her eligibility for suspension of deportation under pre-IIRIRA law. This contention fails because any such directive from the CIJ could have no binding effect upon the Attorney General's decision to place her in removal proceedings after IIRIRA's effective date. *See Martinez–Garcia v. Ashcroft*, 366 F.3d 732, 735 (9th Cir.2004) ("We do not agree that there was a 'statutory gap,' so we do not reach the question of whether the CIJ's directive violated the APA.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.