**Lourdes LOPEZ–VAZQUEZ,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–71078.

United States Court of Appeals,
Ninth Circuit.

Submitted June 17, 2004.*

Decided June 21, 2004.

Michael Franquinha Law Office of Michael Franquinha, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Counsel, Phoenix, AZ, OIL, Margaret K. Taylor, Aviva Poczter, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Lourdes Lopez–Vazquez appeals the denial of her application for cancellation of removal. An Immigration Judge ("IJ") found that she had not shown that removal would result in exceptional and extremely unusual hardship to her three American children. The Board of Immigration Appeals ("BIA") affirmed without opinion. We have jurisdiction over portions of Lopez–Vazquez's petition pursuant to 8 U.S.C. § 1252, and we deny the petition. As the parties are familiar with the facts, we do not recount them here except as necessary.

■ Lopez–Vazquez first argues that a directive by the Office of the Chief Immigration Judge not to accept Orders to Show Cause filed after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") constituted rulemaking without the required notice and comment. The crux of this

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

argument is that IIRIRA left a "gap" as to when an alien was "in deportation proceedings," the directive filled this gap, and it consequently was rulemaking that required notice and comment. However, *Martinez–Garcia v. Ashcroft,* 366 F.3d 732 (9th Cir.2004), which came down after the parties filed their briefs, rejected this argument and held that there was no "gap" to fill as Ninth Circuit case law made clear, both before and after IIRIRA, that an alien is in deportation proceedings when the charging document is filed with the immigration court. The directive in question therefore did not constitute rulemaking that would require notice and comment.

 Lopez–Vazquez next argues that the IJ erred in not granting cancellation of removal. As statute and our case law make clear, however, we are without jurisdiction to review the discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003).

Finally, Lopez–Vazquez argues that the BIA's affirmance of the IJ's decision without opinion violated due process and Ninth Circuit precedent. This argument was squarely rejected in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

PETITION DENIED