Jose Luis BAUTISTA–LOPEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–70330.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Christopher J. Stender, Esq., Stender & Associates, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Immigration & Naturalization Service, Richard M.

Evans, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Jose Luis Bautista–Lopez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Martinez–Garcia v. Ashcroft*, 366 F.3d 732, 733 (9th Cir.2004), and the BIA's factual findings for substantial evidence, *Nakamoto v. Ashcroft*, 363 F.3d 874, 881–82 (9th Cir.2004). We deny the petition for review.

The BIA properly concluded that Bautista–Lopez's voluntary return to Mexico in June or July 1987, after being arrested by the Border Patrol in Phoenix, Arizona, constituted a break in his continuous physical presence for purposes of cancellation of removal. *See Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 970–74 (9th Cir.2003) (per curiam). Thus, the BIA's finding that Bautista–Lopez did not demonstrate the requisite ten years of continuous physical presence in the United States prior to service of the Notice to Appear on May 22, 1997, is supported by substantial evidence. *See id.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Bautista–Lopez contends that the BIA denied him due process by erroneously referring to applications for asylum, withholding of removal, and relief under the Convention Against Torture in its decision. This contention is unpersuasive because the BIA addressed and decided Bautista–Lopez's statutory ineligibility for cancellation relief, which was the critical issue in his appeal. *See Marcu v. INS,* 147 F.3d 1078, 1082–83 (9th Cir.1998).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.