Nikolai N. UMANETZ; Vera I. Muravskaia, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Nov. 15, 2004.

Robert G. Ryan, Law Offices of Valencia & Wong, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Victor M. Lawrence, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, NOONAN, and THOMAS, Circuit Judges.

MEMORANDUM *

Petitioners Nikolai N. Umanetz and Vera I. Muravskaia, citizens of Georgia, petition for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of their application for asylum and withholding of removal. The Immigration and Naturalization Service initiated deportation proceedings against the petitioners on May 28, 1997. The permanent rules under the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") apply to deportation proceedings initiated after April 1, 1997. *Martinez–Garcia v. Ashcroft*, 366 F.3d 732, 734 (9th Cir.2004). We find that the IJ's decision is supported by substantial evidence and therefore deny the petition for review.

To qualify for asylum based on political opinion, the applicant must show that he suffered, or has a well founded fear of suffering, persecution because of his political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). The IJ correctly found that Umanetz provided insufficient evidence to establish that the incident where a superior in the Georgian armed forces pointed a A.K. 47 to his chest to force him to fly in the war against Abkhazia was politically motivated. Nor did Umanetz provide evidence to establish that his fear of returning to Georgia was fear of future persecution because of his political opinion, rather than fear of prosecution for evading his country's military conscription laws. *Fisher v. INS*, 79 F.3d 955, 961–62 (9th Cir.1996) (en banc). The record does not show that his superiors thought his refusal to fly stemmed from his opposition to the war against Abkhazia. *Sangha*, 103 F.3d at 1489.

Because Umanetz failed to establish a well-founded fear of persecution, he necessarily fails to show the more stringent standard required for withholding of removal. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

In the Order dated November 8, 2002, the BIA granted Umantez and his wife 30 days to voluntarily depart the country. On December 6, 2002 they filed a petition for review and a motion to stay removal. In cases subject to IIRIRA's permanent rules, motions to stay removal are construed as motions to stay voluntary departure. *Desta v. Ashcroft*, 365 F.3d 741, 744 (9th Cir.2004). A stay of voluntary departure "preserves the number of remaining days [the petitioner] had to depart voluntarily." *Id.* The stay of voluntary departure expires upon issuance of the mandate in this case. *Id.* at 750. Umantez and his wife will have two days remaining in their stay of voluntary departure following the mandate in this case. Under the Federal Rules of Appellate Procedure, in civil cases where the United States or its officer is a party the parties have 45 days after entry of judgment to seek a rehearing. *See* Fed. R.App. Proc. 40(a). Additionally, General Order 5.4(c)(3) allows judges to *sua sponte* call for a vote on rehearing *en banc* within seven days of the expiration of the time for filing a petition for rehearing. *See* United States Court of Appeals for the Ninth Circuit, General Orders chapter V, 5.4(c)3 (2004). Unless the parties file a petition for rehearing, mandate will accordingly issue 52 days after the entry of judgment. Consequently, the Umantezs will have 54 days from the date of entry of this judgment to effect voluntary departure.

**PETITION DENIED.**