Nohemi LUNA–SALINAS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73016.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

Susan E. Hill, Law Offices of Susan E. Hill, Los Angeles, CA, for Petitioner.

Nohemi Luna–Salinas, Valinda, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John S. Hogan, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN and BERZON, Circuit Judges.

MEMORANDUM **

Nohemi Luna–Salinas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") streamlined decision affirming the Immigration Judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Martinez–Garcia v. Ashcroft,* 366 F.3d 732, 733 (9th Cir.2004), and factual findings for substantial evidence, *Nakamoto v. Ashcroft,* 363 F.3d 874, 881–82 (9th Cir.2004). We review constitutional challenges de novo. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Luna–Salinas' contention that the BIA improperly streamlined her appeal is foreclosed by this court's decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

The IJ's conclusion that Luna–Salinas accepted an administrative voluntary departure when she was apprehended and returned to Mexico by the Border Patrol in 1992 in lieu of formal deportation proceedings is supported by substantial evidence. Moreover, the IJ correctly concluded that an administrative voluntary departure after apprehension by the Border Patrol upon attempted illegal entry into the United States constitutes a break in continuous physical presence for purposes of cancellation of removal. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 970–74 (9th Cir.2003) (per curiam).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Luna–Salinas' Equal Protection argument is without merit because she is situated differently from aliens who were not apprehended. *See Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir.2002).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

We direct the clerk to amend the docket to reflect that Luna–Salinas is the sole petitioner.

**PETITION FOR REVIEW DENIED.**

---

\* The Clerk is directed to change the caption to reflect that John Ashcroft is the correct respondent.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.