**Eduardo BERNAL–BELTRAN,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–72750.

Agency No. A73–936–918.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.[*]

Decided Nov. 22, 2004.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., Linda S. Wendtland, Esq., Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

Before LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Eduardo Bernal–Beltran, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") reinstatement of his deportation proceedings and entry of an order of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and review the question of law presented de novo. *See Martinez–Garcia v. Ashcroft,* 366 F.3d 732, 733 (9th Cir.2004). We grant the petition for review, vacate Bernal–Beltran's order of deportation, and remand.

There was no failure to exhaust administrative remedies in this case, as Bernal–Beltran has not failed to pursue any remedy available to him as of right. *See Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 881 (9th Cir.2003).

■ We proceed to review the merits of the BIA's decision to reinstate Bernal–Beltran's deportation proceedings. While Bernal–Beltran challenges the decision most directly by means of an equitable estoppel argument, his brief twice contends that the Board "gave no reason why it ordered removal." The issue has thus been adequately, although inartfully, raised.

■ In its 2001 decision, the BIA administratively closed Bernal–Beltran's deportation proceedings in order to permit the Attorney General to consider Bernal–Beltran's eligibility for repapering. The Board specified that it would take no further action unless one of the parties requested reinstatement of "these proceedings." In 2003, Bernal–Beltran filed a "request to reinstate as removal proceedings." He asked the BIA to "reinstate this matter under Removal proceedings pursuant to section 309(c)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act." The section cited "authorizes the Attorney General to terminate the cases of aliens in deportation proceedings prior to the effective date of IIRIRA, and then reinstate the proceedings under the new statutory scheme as 'removal proceedings.'" *Alcaraz v. INS,* 384 F.3d 1150, 1154 (9th Cir.2004). Repapering is within the authority of the Attorney General, not the BIA. *See id.* at 1156.

In the order before us, the BIA misinterpreted Bernal–Beltran's request, erroneously stating that he "filed a motion requesting that deportation proceedings be reinstated." As the Board proceeded on this mistaken premise to "grant" that which was not requested by either party, we vacate Bernal–Beltran's order of deportation. We remand to the BIA to consider this case in light of the request actually made, instead of its faulty characterization of that request.

We need not address Bernal–Beltran's claims concerning voluntary departure and the country designated for his deportation.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW GRANT-ED; ORDER OF DEPORTATION VACATED; REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.