Sergio PEREZ–VALENCIA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–75109.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2008.

Filed April 11, 2008.

Alejandro Garcia, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Emily Anne Radford, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Sergio Perez–Valencia petitions for review of the Board of Immigration Appeals's final order of removal. We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a)(1) and review the immigration judge's decision as the final agency decision. *Lanza v. Ashcroft,* 389 F.3d 917, 925 (9th Cir.2004). We review questions of law de novo, *Martinez–Garcia v. Ashcroft,* 366 F.3d 732, 733 (9th Cir.2004), and factual findings for substantial evidence. *Nakamoto v. Ashcroft,* 363 F.3d 874, 881–82 (9th Cir.2004). The petition for review is denied, in part, and dismissed, in part.

The immigration judge found that Perez–Valencia procured his 1994 visa and admission by willfully misrepresenting two material facts: his prior conviction and his prior deportation. Perez–Valencia was thus removable pursuant to 8 U.S.C. § 1227(a)(1)(A) as inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). Perez–Valencia argues, first, that the documents in the record are insufficient to establish the misrepresentation, and second, that he disclosed his 1988 California conviction for child molesting during a medical evaluation. The government must prove by "clear, unequivocal and convincing" evidence the factual grounds for removal. *Nakamoto,* 363 F.3d at 881–82. There-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fore, we consider "whether substantial evidence supports a finding by clear and convincing evidence" that Perez–Valencia sought to procure a visa, documentation or admission by fraud or by willfully misrepresenting whether he had a prior 1988 criminal conviction and 1989 deportation. *Id.* at 882.

The certified copies of Perez–Valencia's visa application, signed under oath on April 20, 1994, 1988 California conviction for child molesting, prior deportation order, and 1989 warrant of deportation clearly and convincingly prove that Perez–Valencia willfully misrepresented his prior conviction and deportation. *Forbes v. INS,* 48 F.3d 439, 442 (9th Cir.1995) (holding that knowledge of the falsity is sufficient to establish fraud or a willful misrepresentation).

Moreover, the record does not compel a contrary conclusion that Perez–Valencia revealed the 1988 child molesting conviction during a medical examination. Rather, the evidence supports the conclusion that he merely revealed a 1985 disorderly conduct conviction.

The IJ also found that Perez–Valencia was removable pursuant to 8 U.S.C. § 1227(a)(1)(A) as inadmissible under 8 U.S.C. § 1182(a)(9)(A)(i) (inadmissible because previously removed within five years). For the first time in these proceedings, he argues that 8 U.S.C. § 1182(a)(9)(A)(i) does not apply to prior final orders of deportation or exclusion. However, Perez–Valencia did not exhaust his administrative remedies for this argument. Therefore, we lack jurisdiction to consider the claim. 8 U.S.C. § 1252(d)(1); *Rendon v. Mukasey,* 520 F.3d 967, 971–72

(9th Cir.2008); *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Finally, Perez–Valencia argues that he is statutorily eligible for a § 212(h) waiver. However, he does not challenge the IJ's finding that he lacked the requisite seven years of continuous residence. His failure to meet the seven year residency requirement renders him ineligible for § 212(h) relief. 8 U.S.C. § 1182(h).

PETITION FOR REVIEW DENIED, IN PART, AND DISMISSED, IN PART.