FILED

MAY 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANJULA DEVI; et al., | No. 06-70410 |
| Petitioners, | Agency Nos. A072-111-334 |
| v. | A072-111-336 |
| | A073-396-701 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Petitioners Manjula Devi, Ranjit Kumar, and Ritesh Kumar, natives and

citizens of Fiji, petition for review of the Board of Immigration Appeals'(BIA)

final order of removal. They assert that the BIA and immigration judge violated

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

regulations and due process. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) and (b)(1) and deny the petition for review.

We review the BIA's decision de novo and its denial of the motion to remand for an abuse of discretion. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

Petitioners argue that the BIA lacked jurisdiction over the appeal from the immigration court because the immigration judge only summarized her oral decision in the parties' presence and did not send them a written copy of the more detailed decision. However, the immigration judge rendered an oral decision in the presence of the parties at the conclusion of the proceedings and served the summary order on the parties then and there, as required by 8 C.F.R. § 1003.37(a) (2004). The oral summary and summary order complied with the regulations by denying relief, ordering removal to Fiji, and giving reasons for the decision. *See id.* § 1240.12(a). In any event, the BIA sent a copy of the detailed decision to appellate counsel, which counsel acknowledges having received prior to briefing the appeal to the BIA. There was no due process violation. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000).

Citing a regulation not in effect when the BIA ruled on their appeal, petitioners argue that the BIA violated its regulations by not assigning a three-

member panel to consider the appeal. But the regulation then in effect allowed the assigned board member to consider the appeal. *See* 8 C.F.R. § 1003.1(e)(3) (2005).

Petitioners argue that the immigration judge violated regulations and due process by sequestering each petitioner until he or she provided individual testimony. This raises substantial due process concerns. *See* Fed. R. Evid. 615, 1972 Comm. Note. Nevertheless, petitioners failed to articulate how the "outcome of the proceeding may have been affected," precluding a finding of prejudice. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

We reject petitioners' argument that Ritesh is "not properly in removal proceedings" because the immigration judge failed to enter Ritesh's notice to appear as an exhibit in the record of proceedings. The *filing* of the notice to appear with the immigration court commenced removal proceedings against Ritesh. *See Martinez-Garcia v. Ashcroft*, 366 F.3d 732, 735 (9th Cir. 2004).

Petitioners argue that the immigration judge violated due process by considering hearsay evidence. Hearsay evidence is admissible in immigration hearings as long as the evidence is probative and fundamentally fair. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003). Contrary to petitioners' assertion, the immigration judge did not admit a hearsay statement attributed to the

ex-wife. Rather, petitioners were asked questions, without objection, that assumed facts not in evidence or demanded speculative answers. There was no error, and even if there were, it was harmless in light of the totality of the evidence.

Petitioners' argument that the immigration judge ignored their background documents is not supported by the record. Both the immigration judge and the BIA considered the documents and concluded that petitioners had not established that they were at particular risk or more likely than not would be tortured if returned to Fiji.

Petitioners argue that the BIA made improper factual findings when it denied their motion to remand for ineffective assistance of counsel. However, even if the BIA erred, petitioners have not established prejudice, given the material inconsistencies in their testimony.

Finally, petitioners argue that the BIA failed to consider their claim that the San Francisco Immigration Court's Local Operating Procedure 3 violated due process. However, the BIA considered questions and evidence concerning the subject at issue as part of the procedural due process hearsay claim and found no prejudice. Failure to address the merits was therefore harmless.

PETITION FOR REVIEW DENIED.