Maria **HUERTA–GUEVARA,**
**Petitioner,**

v.

John D. **ASHCROFT, U.S. Attorney**
**General, Respondent.**

No. 02–70454.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2003.

Filed March 4, 2003.

Mark N. Bravin and Corinne A. Niosi, Morgan, Lewis & Bockius, LLP, Washington, DC, for the petitioner.

M. Jocelyn Lopez Wright and Cindy S. Ferrier, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for the respondent.

Before TROTT, RYMER, and
TALLMAN, Circuit Judges.

## OPINION

RYMER, Circuit Judge:

Maria Huerta–Guevara (Huerta) is a native and citizen of Mexico who entered the United States without inspection in 1975 and whose status was adjusted to lawful permanent residency in 1989. On June 8, 1996, Huerta was convicted of possession of a stolen vehicle in violation of Arizona law for which she was eventually sentenced to two years imprisonment. The Immigration & Naturalization Service (INS) initiated removal proceedings based on her conviction for a "theft" offense that is an aggravated felony under INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). The immigration judge (IJ) held that her conviction qualified as an aggravated felony, and the Board of Immigration Appeals (BIA) affirmed the results of that decision, without opinion, pursuant to its "streamlining" authority under 8 C.F.R. § 3.1(a)(7).[1]

Huerta seeks review of her final removal order. She raises two issues on appeal: that the IJ and the BIA erroneously concluded that she was convicted of an aggravated felony; and that she was denied due process by the IJ, who failed to inquire whether she waived her right to counsel and to develop the record adequately, as well as by the BIA, which failed to follow its own regulation in deciding to streamline her case.[2]

■ Although we have no jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony, INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), we do have jurisdiction to determine our jurisdiction by deciding whether Huerta is removable on account of her criminal conviction. *See, e.g., Flores–Miramontes v. INS,* 212 F.3d 1133, 1135 (9th Cir.2000); *Aragon–Ayon v. INS,* 206 F.3d 847, 850–51 (9th Cir.2000). We conclude that she is not. While this means that the jurisdictional bar to review of removal orders is not implicated, there is no other basis upon which the INS sought to remove Huerta. Accordingly, as her order of removal must be vacated, there is no need for us to reach her claims of constitutional error.

The INS charged that Huerta was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because she had been convicted, after her admission into the United States, of "an aggravated felony as defined in section 101(a)(43)(G) of the INA, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least 1 year was imposed." The Notice to Appear alleged that Huerta had been convicted on February 11, 1997 in the Superior Court of Ari-

---

1. 8 C.F.R. § 3.1(a)(7)(ii) allows a single Board member to enter a Board order affirming the result of the immigration judges's decision if the result reached is correct; any errors are harmless or nonmaterial; and *either* the issue on appeal is squarely controlled by Board or federal circuit court precedent and does not involve application of precedent to a novel fact situation, *or* the factual and legal questions raised are so insubstantial that three-member review is not warranted. The Board's order cannot have reasons. In these circumstances, the IJ's decision is the final agency decision for purposes of judicial review.

2. We ordered Huerta's appeal consolidated for purposes of oral argument with *Cedano–Viera v. Ashcroft,* No. 02–70454, and *Ramirez v. INS,* No. 02–71835, because they raise similar issues.

zona for the offense of "AMENDED: POSSESSION OF A STOLEN VEHICLE" in violation of A.R.S. § 13–1802. Huerta's removal hearing was continued several times to allow an opportunity to find counsel. Eventually, her plea was taken with Huerta appearing *pro se*. She stated in response to the IJ's inquiry that she understood the charge and was not denying it, but that she disputed the alleged date of her conviction. The government introduced the judgment from the Superior Court of Arizona for Maricopa County revoking Huerta's probation, which indicates that the underlying offense committed on June 8, 1996 was "possession of a stolen vehicle," a class 4 felony, in violation of A.R.S. § 13–1802. After considering the evidence, the immigration judge sustained the charge "as it fits squarely to the language of the aggravated felony statute." The IJ also determined that Huerta was ineligible for relief under INA § 212(c), 8 U.S.C. § 1182 (1994), because she committed her removable offense after the waiver had been eliminated for aggravated felons. The BIA affirmed the results of this decision.

Huerta argues that the statute under which she was convicted does not, on its face, fall within the generic definition of "theft offense" that we adopted in *U.S. v. Corona–Sanchez*, 291 F.3d 1201, 1205 (9th Cir.2002) (en banc). The government responds that Huerta waived her ability to challenge deportability before the BIA by conceding that she was removable and that, in any event, possession of a stolen vehicle, for which she was convicted, *is* "receipt of stolen property."

■ We do not agree that Huerta's concession is dispositive. As the government recognizes, we may consider an issue regardless of waiver if the issue is purely one of law and the opposing party will suffer no prejudice or if new issues have become relevant while the appeal was pending because of a change in the law. *United States v. Echavarria–Escobar*, 270 F.3d 1265, 1267–68 (9th Cir.2001) (identifying these as two of four exceptions to the general rule of waiver). Whether an offense constitutes an aggravated felony is purely a legal question, *Leyva–Licea v. INS*, 187 F.3d 1147, 1150(9th Cir.1999), but the government asserts prejudice in that the INS had no reason to believe it was necessary to provide further documentation. This lacks force given that 8 U.S.C. § 1229a(c)(3)(A) imposed on the INS the burden of proving that Huerta was removable by clear and convincing evidence, and the INS did not rest on Huerta's concession but rather introduced *some* evidence in support of its position that her Arizona conviction was a "theft offense." No reason appears why it could not have introduced *sufficient* evidence. Regardless, there has been a change, or at least a significant clarification, of the law since the IJ's decision was rendered and the BIA affirmed the result. While those proceedings were pending, the panel opinion in *Corona–Sanchez*, 234 F.3d 449(9th Cir.2000), was the law of the circuit. It defined "theft offense" more broadly than the *en banc* decision, 291 F.3d 1201, which was filed after the BIA's summary affirmance.

■ *En banc* we held that "theft offense" in INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G) means "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Corona–Sanchez*, 291 F.3d at 1205 (adopting the Seventh Circuit's definition in *Hernandez–Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir.2001)). We also clarified the analytical framework that must be followed. Apply-

ing this framework, we first make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed by A.R.S. § 13–1802 is broader than, and so does not categorically fall within, this generic definition. *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002). For this purpose we " 'look only to the fact of conviction and the statutory definition of the prior offense.' " *Corona–Sanchez*, 291 F.3d at 1203(quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Here, A.R.S. § 13–1802 is a divisible statute, four subparts of which do not require intent.[3] No subsection specifically criminalizes possession of a stolen vehicle. In addition, the statute prohibits, among other things, theft of services and the aiding and abetting of theft of services. Ariz.Rev.Stat. § 13–1802(A)(2), (3), and (6). As services are not property, *see Corona–Sanchez*, 291 F.3d at 1208, and as intent is required to satisfy the generic definition, the conduct proscribed by § 13–1802 extends beyond the term "theft offense." Accordingly, a conviction under A.R.S. § 13–1802 does not facially qualify as a theft offense that is an aggravated felony under the INA.

The government argues that INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), specifically includes the offense "receipt of stolen property," and that the crime involved in *Hernandez–Mancilla*, from which *Corona–Sanchez* borrowed the definition of "theft offense," was possession of a stolen vehicle. However, unlike *Hernandez–Mancilla*, where the BIA relied on language in the record of conviction noting that Hernandez–Mancilla had pled guilty to an indictment charging him with entering a motor vehicle "with the intent to commit the offense of theft therein," *Hernandez–Mancilla*, 246 F.3d at 1004, we cannot tell from the mere fact of Huerta's conviction for possession of a stolen vehicle that she knew the vehicle was stolen or that the vehicle was taken or control was exercised with the requisite criminal intent.

If the statute criminalizes conduct that would not constitute an aggravated felony under the generic definition, then we consider whether documentation or other judicially noticeable facts in the record indicate that Huerta was convicted of the elements of the generically defined crime. *Chang*, 307 F.3d at 1189 (citing *Corona–Sanchez*, 291 F.3d at 1211); *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.2000). The judgment is the only document that was in the record before the immigration judge, and it indicates only that Huerta was convicted of "possession of a stolen

---

[3]. A.R.S. § 13–1802 provides:

A. A person commits theft if, without lawful authority, the person knowingly:
1. Controls property of another with the intent to deprive the other person of such property; or
2. Converts for an unauthorized term or use services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use; or
3. Obtains services or property of another by means of any material misrepresentation with intent to deprive the other person of such property or services; or

4. Comes into control of lost, mislaid or misdelivered property of another under circumstances providing means of inquiry as to the true owner and appropriates such property to the person's own or another's use without reasonable efforts to notify the true owner; or
5. Controls property of another knowing or having reason to know that the property was stolen; or
6. Obtains services known to the defendant to be available only for compensation without paying or an agreement to pay the compensation or diverts another's services to the person's own or another's benefit without authority to do so.

vehicle" in violation of A.R.S. § 13–1802. Notwithstanding this, the government argues that Huerta's conviction for "possession of a stolen vehicle" narrows the possible subsections of § 13–1802 to *(1)*—control of another's property with intent to deprive—or *(5)*—controls another's property knowing the property was stolen. It then invites us to consider Huerta's description of her crime in the brief that her counsel filed with the BIA. The brief indicates that "[s]he purposely borrowed [her employer's] car at a time when he was not home, so he would not miss her or the car. She had every intention of returning the car."[4] From this statement, the government asserts that intent can be inferred.

The difficulty is that the conviction's label only goes so far; the conviction itself must meet the generic definition of theft no matter what the state calls it. *See Taylor*, 495 U.S. at 591, 110 S.Ct. 2143; *Corona–Sanchez*, 291 F.3d at 1210. While we have said that charging documents in combination with a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding, and the judgment may suffice to document the elements of conviction, we have never considered whether statements in a brief, or judicial admissions, are the type of documentation that a court may consider when using the modified categorical approach. Arguably they are, because a judicial admission would normally bind the party, and the statement in Huerta's brief is as clear a statement of what happened as the factual basis for a guilty plea would be if set out in a plea agreement or colloquy. At the same time, a statement in a brief is similar to a description of the facts underlying the conviction in a presentence report, which

we have held is "insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition." *Corona–Sanchez*, 291 F.3d at 1212. We need not decide whether a brief may ever be an acceptable source of evidence under the modified categorical approach because, even if the facts as represented in Huerta's brief are taken as a true account of what she did, it is not clear that these are the elements to which she pled guilty. This leaves just the bare facts themselves and, as we emphasized in *Corona–Sanchez*, " 'the Supreme Court in *Taylor* and this circuit in our precedents have foreclosed any approach that considers the underlying facts of prior convictions to determine whether a defendant was convicted by a jury or pleaded guilty to a predicate offense' ...." *Id.* at 1213(quoting *United States v. Franklin*, 235 F.3d 1165, 1171 (9th Cir.2000)).

We conclude that Huerta's conviction for possession of a stolen vehicle does not qualify as a "theft offense" under either the categorical approach or the modified categorical approach. Therefore, it is not an aggravated felony, and Huerta is not subject to removal on the basis charged.

The order of removal must accordingly be vacated. Given this disposition, there is no need to consider Huerta's due process challenges to how the IJ conducted her removal proceedings or to how the BIA decided summarily to affirm the result reached by the immigration judge.

**PETITION GRANTED; ORDER OF REMOVAL VACATED.**

---

4. Her brief also states that "Ms Huerta temporarily borrowed her employer's car to move out of an abusive environment at a time when she did not expect the owner to miss the car; this is a situation that does not even amount to a glorified borrowing."