**Paul MACAPAGAL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71167.

INS No. A72–879–235.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2003.

Decided June 19, 2003.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Paul Macapagal, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal and affirming the Immigration Judge's order finding Macapagal removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony in the form of a theft offense as defined under INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). We grant the petition for review and vacate the order of removal.

Under 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review a final order of removal against an alien who is

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

removable for having been convicted of an aggravated felony. However, this Court retains jurisdiction to determine whether the jurisdictional bar applies. *Randhawa v. Ashcroft,* 298 F.3d 1148, 1152 (9th Cir. 2002). This Court reviews *de novo* the threshold issue whether a particular offense constitutes an aggravated felony. *Park v. INS,* 252 F.3d 1018, 1021 (9th Cir.2001). Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

In *United States v. Corona–Sanchez,* 291 F.3d 1201 (9th Cir.2002) (en banc), we held that the term "theft offense" under 8 U.S.C. § 1101(a)(43)(G) means "a taking of *property* or an exercise of control over *property* without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Id.* at 1205 (emphasis added). To determine whether a conviction falls within this definition of theft offense, we first use a categorical approach in which we compare the statute of conviction to the generic definition of theft offense. If the statute of conviction criminalizes conduct that goes beyond the generic definition, then the statute of conviction does not facially qualify as a theft offense that is an aggravated felony. *See Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 886–87 (9th Cir.2003). The Court then looks to see, under a modified categorical approach, whether documentation or other judicially noticeable facts in the record indicate that the petitioner was actually convicted of the elements of the generically defined theft offense. *Id.* at 887.

Under the categorical approach, Macapagal's conviction does not qualify as a theft offense. We noted in *Corona–Sanchez* that a person's labor is not a person's property, and therefore, a statute of conviction that criminalizes the taking of labor does not facially qualify as a theft offense under the categorical approach. *Corona–Sanchez,* 291 F.3d at 1208. Macapagal pleaded guilty in the Superior Court of California to the crime "Steal from Elder" under California Penal Code § 368(d) and was sentenced to two years in prison. Section 368(d) criminalizes the theft or embezzlement of "money, *labor,* or real or personal property" from an elder or dependent adult. Cal.Penal Code § 368(d). Therefore, § 368(d) does not facially qualify as a theft offense. Similarly, Macapagal's conviction does not qualify as a theft offense under the modified categorical approach because the charging document charges that Macapagal "did willfully and unlawfully embezzle and steal the money, *labor,* and property" of an elder and dependent adult.

We conclude that Macapagal's conviction for "Steal from Elder" does not qualify as a theft offense under either the categorical approach or the modified categorical approach. Therefore, it is not an aggravated felony, and Macapagal is not removable as charged. As such, the order of removal must be vacated. Because the order of removal is vacated, there is no need to consider Macapagal's due process challenges to his removal proceedings. *Huerta–Guevara,* 321 F.3d at 888.

PETITION GRANTED; ORDER OF REMOVAL VACATED.