**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Heriberto VALENCIA, Defendant—
Appellant.**

No. 02–10652.
D.C. No. CR–02–00051–SRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 24, 2003.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

### MEMORANDUM *

Heriberto Valencia pled guilty to illegal reentry after deportation, 8 U.S.C. § 1326(a), and was sentenced to thirty-seven months in prison. He challenges the adequacy of his plea colloquy with the magistrate judge and the eight-level ag-

gravated felony sentencing enhancement imposed by the district court. Because Valencia did not make either of these arguments in the district court, we review for plain error. *See United States v. Pena,* 314 F.3d 1152, 1155 (9th Cir.2003); *United States v. Jimenez,* 258 F.3d 1120, 1124–25 (9th Cir.2001). We affirm Valencia's conviction but vacate his sentence and remand for resentencing on an open record.

### I.

■ Having carefully reviewed the transcript of Valencia's change of plea hearing, we conclude that the magistrate judge adequately explained the nature of the offense charged and the maximum possible penalty. Fed.R.Crim.P. 11(b)(1)(G), (H). The magistrate judge confirmed that Valencia understood the elements of the crime of illegal reentry after deportation. 8 U.S.C. § 1326(a). *See also United States v. Godinez–Rabadan,* 289 F.3d 630, 632–33 (9th Cir.2002) (listing the elements of a § 1326(a) violation), *cert. denied,* 537 U.S. 917, 123 S.Ct. 339, 154 L.Ed.2d 202 (2002). The magistrate judge also explained that the government sought an enhanced sentence and that Valencia could be sentenced to twenty years in prison. 8 U.S.C. § 1326(b)(2). *See also United States v. Barrios–Gutierrez,* 255 F.3d 1024, 1028 (9th Cir.2001) (en banc) (district court complied with Rule 11's "maximum possible penalty" requirement when it informed defendant charged with illegal reentry that he faced a maximum twenty-year sentence if his sentence were enhanced pursuant to 8 U.S.C. § 1326(b)(2)).

■ *United States v. Minore,* 292 F.3d 1109 (9th Cir.2002), *cert. denied,* 537 U.S. 1146, 123 S.Ct. 948, 154 L.Ed.2d 848

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(2003), did not require the magistrate judge to advise Valencia that the government would have to prove Valencia's prior aggravated felony conviction to a jury beyond a reasonable doubt. In *Minore* we applied Rule 11 and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to hold that "before accepting a guilty plea, the district court must advise the defendant that the government would have to prove to the jury beyond a reasonable doubt any quantity of drugs that would expose the defendant to a higher statutory maximum sentence." *Minore*, 292 F.3d at 1113. *See also United States v. Villalobos*, 333 F.3d 1070, 1073 (9th Cir.2003). *Minore* does not apply to the issue of Valencia's prior conviction, however, because the aggravated felony enhancement in 8 U.S.C. § 1326(b)(2) is a narrow exception to *Apprendi*'s rule. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000). It is not an element of the offense that must be proved to the jury beyond a reasonable doubt. *Id.* at 413–14.

Valencia argues that the magistrate judge exceeded the scope of his authority by finding that the § 1326(b)(2) enhancement did apply. We reject this challenge because it is not supported by the record. The magistrate judge referred to the enhancement and asked the government what facts it intended to prove at sentencing, but the magistrate judge did not ask Valencia to admit any of those facts and did not make any findings regarding the § 1326(b)(2) enhancement. Instead, the magistrate explained that he was not the sentencing judge and that the district court would sentence Valencia at a later date.

■ Valencia also argues that the magistrate judge misleadingly suggested that by pleading guilty Valencia would waive his right to counsel at sentencing. We recognize that a trial court must not mislead a defendant during a change of plea hearing. *Libretti v. United States*, 516 U.S. 29, 51, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995). In this case, however, the plea colloquy was not misleading "when viewed in its entirety" and there is no evidence that Valencia was actually misled. *Id.* Rule 11 required the magistrate judge to explain that by pleading guilty, Valencia would waive his right to counsel at trial. Fed.R.Crim.P. 11(b)(1)(D), (F). The magistrate judge complied with this requirement without referring to sentencing and later advised Valencia that he should consult with his attorney in preparation for sentencing. The fact that Valencia appeared with counsel at sentencing confirms that he was not misled by these statements.

## II.

■ The district court imposed an eight-level sentencing enhancement on the basis of an Arizona theft conviction listed as part of Valencia's criminal history in the presentence report. The presentence report describes Valencia's theft crime as an "aggravated felony" but does not identify the statute of conviction. As the government conceded at oral argument, the district court plainly erred in relying on the presentence report to find that Valencia had been convicted of an aggravated felony. *United States v. Pimentel–Flores*, 339 F.3d 959, 968 (9th Cir.2003) (district court committed plain error when it relied solely on factual description in a presentence report that did not list the statute of conviction). Because the government submitted no evidence of the statute of conviction, the district court could not conduct a proper analysis under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Pimentel–Flores*, 339 F.3d at 968.

■ We are satisfied that this plain error affected Valencia's substantial rights and "the fairness, integrity or public reputation" of these judicial proceedings.[1] *Pimentel–Flores*, 339 F.3d at 967 (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). A theft conviction qualifies as an aggravated felony only if the defendant was convicted of each of the following elements: (1) a taking of property or the exercise of control over property, (2) without consent, and (3) with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent. *United States v. Corona–Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc). The government argues that Valencia was convicted under either Ariz.Rev.Stat. § 13–1802(A)(1) or § 13–1802(A)(5). As we explained in *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir.2003), § 13–1802(A) is a divisible statute that defines six different theft crimes in six subparts, four of which do not require intent.[2] Because subpart (5) does not require intent, the government's contention that Valencia may have been con- victed under that subpart means that "there is a plausible prospect that the outcome might have been different had the government done its job." *Pimentel–Flores*, 339 F.3d at 968. *See also Nevarez–Martinez v. I.N.S.*, 326 F.3d 1053, 1055 (9th Cir.2003) (holding that a conviction under Ariz.Rev.Stat. § 13–1814(A)(5)[3] —a statute nearly identical to § 13–1802(A)(5)—does not meet *Corona–Sanchez*'s definition of a "theft offense"); *Huerta–Guevara*, 321 F.3d at 888 (holding that petitioner's conviction for possession of a stolen vehicle, which the government argued fell under either § 13–1802(A)(1) or (A)(5), did not qualify as a "theft offense").

### III.

For the foregoing reasons, we affirm Valencia's conviction but vacate his sentence and remand for resentencing on an open record. *See United States v. Matthews*, 278 F.3d 880, 888–90 (9th Cir.2002) (en banc), *cert. denied*, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

1. Indeed, the government conceded at oral argument that the case should be remanded in light of the district court's error.

2. The relevant text of § 13–1802(A) has not changed materially since 1992, when Valencia committed his offense. Section 13–1802(A) provides:

   A person commits theft if, without lawful authority, the person knowingly:

   1. Controls property of another with the intent to deprive the other person of such property; or

   2. Converts for an unauthorized term or use services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use; or

   3. Obtains services or property of another by means of any material misrepresentation with intent to deprive the other person of such property or services; or

   4. Comes into control of lost, mislaid or misdelivered property of another under circumstances providing means of inquiry as to the true owner and appropriates such property to the person's own or another's use without reasonable efforts to notify the true owner; or

   5. Controls property of another knowing or having reason to know that the property was stolen; or

   6. Obtains services known to the defendant to be available only for compensation without paying or an agreement to pay the compensation or diverts another's services to the person's own or another's benefit without authority to do so.

3. Section 13–1814(A)(5) defines "theft of means of transportation" to include knowingly "control[ling] another person's means of transportation knowing or having reason to know that the property is stolen."

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.