**Jo Lesly DESIRE, Petitioner–Appellant,**

v.

**Alberto R. GONZALES, Attorney General; Immigration and Naturalization Service, Respondents–Appellees.**

No. 03–16178.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed Aug. 15, 2007.

Devin A. McRae, Martha C. Luemers, Stewart L. Richardson, Dorsey & Whitney LLP, Palo Alto, CA, for Petitioner–Appellant.

Cynthia M. Parsons, U.S. Attorney's Office, Phoenix, AZ, for Respondents–Appellees.

Before: HUG, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Jo Lesly Desire appeals the District Court's denial of his 28 U.S.C. § 2241 habeas corpus petition, which challenged his order of removal to Haiti. The appeal is treated as a timely filed petition for review with this court. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir. 2005). Questions regarding jurisdiction of the court are reviewed de novo. *United States v. Neil,* 312 F.3d 419, 421 (9th Cir. 2002). The issue of whether a particular offense constitutes an aggravated felony is reviewed de novo. *Ruiz–Morales v. Ashcroft,* 361 F.3d 1219, 1221 (9th Cir.2004).

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(2)(D). Desire sufficiently exhausted his claims before the BIA, as required by 8 U.S.C. § 1252(d)(1), because the BIA explicitly addressed the aggravated felony determination and demonstrated that it agreed with the IJ's finding. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1186 (9th Cir.2001) (en banc); *Sagermark v. INS,* 767 F.2d 645, 648 (9th Cir.1985).

■ Desire is likewise not barred by *res judicata* or 8 U.S.C. § 1252(d)(2) from now presenting his arguments regarding the classification of his crime as an aggravated felony. Our earlier dismissal of Desire's petition for review based on lack of jurisdiction was predicated on then-existing law that unequivocally established Desire's crime as an aggravated felony. *See United States v. Lomas,* 30 F.3d 1191, 1195 (9th Cir.1994). Since the time of that dismissal, the law has changed such that, for the present habeas appeal, we are required to use the modified categorical approach to determine whether or not Desire's crime constitutes an aggravated felony. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc). This law had not changed at the time Desire filed his first petition for review, at the time this court dismissed his petition, or by the time Desire filed a motion for reconsideration of the dismissal. However, the law did change before the mandate was issued. But, there is no indication that the court considered this change in law during the period between the dismissal of Desire's petition and the issuance of the mandate, and during that time the court filed an order prohibiting Desire from filing any additional motions or other submissions. As such, Desire is not now barred from arguing this issue. *See Nunes v. Ashcroft,* 375 F.3d 805, 807 (9th Cir.2004) (*res judicata* inapplicable if party can "identify a change in controlling law").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Addressing the merits, we find that Desire's conviction cannot be categorized as an aggravated felony. Under *Rivera–Sanchez*, California Health & Safety Code § 11352(a) is not a categorical aggravated felony. 247 F.3d at 909. The February 1998 conviction likewise cannot be considered an aggravated felony under the modified categorical approach. Under that approach, we may only consider "a narrow, specified set of documents that are part of the record of conviction" to conclusively establish the conviction as an aggravated felony. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir.2004). In this case, the only documents properly relied upon by the BIA were Desire's abstract of judgment and felony complaint. Charging papers alone, however, are never sufficient to establish that a conviction constitutes an aggravated felony. *See United States v. Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir.2002) (en banc); *United States v. Parker*, 5 F.3d 1322, 1327 (9th Cir.1993). Moreover, we have previously characterized a very similar complaint as charging the defendant in the disjunctive, in which case the implication the government wishes to draw from the charging papers—that Desire sold cocaine—would be unavailable. *See United States v. Almazan–Becerra*, 482 F.3d 1085, 1090 (9th Cir. 2007). We must therefore look to Desire's abstract of judgment, which lists "SELL/TRANSPRT CONTRL SUB" as the crime for which he was convicted, for conclusive evidence that Desire committed an aggravated felony. We have already found a virtually identical abstract of judgment to be insufficient to meet the government's burden in *United States v. Navidad–Marcos*, 367 F.3d 903, 908–09 (9th Cir.2004). The government therefore has not met its burden to establish by clear and convincing evidence that Desire was removable on the grounds that his February 1998 conviction constituted an aggravated felony. *See*

8 U.S.C. § 1229a(c)(3)(A); *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir.2003). Because Desire was not subject to removal on the basis charged, we vacate the order of removal. We need not consider Desire's other claims. *See Huerta–Guevara*, 321 F.3d at 888.

**PETITION GRANTED; ORDER OF REMOVAL VACATED.**