Jose Luis FONSECA–RAMIREZ,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–73367.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jose Luis Fonseca–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand, and dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to terminate proceedings and ordering him removed. Our jurisdic-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion is governed by 8 U.S.C. § 1252. *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). We review de novo questions of law. *Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905, 909 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Fonseca–Ramirez's motion to remand because the record indicates that the IJ reviewed Fonseca–Ramirez's pleadings with current counsel at the April 7, 2003 merits hearing. Moreover, the IJ properly used the abstract of judgment to establish the fact of Fonseca–Ramirez's conviction. *See* 8 U.S.C. § 1229a(c)(3)(B) (listing permissible documents for proof of conviction).

Fonseca–Ramirez failed to exhaust before the BIA his contention that Cal. Health & Safety Code § 11378 is a divisible statute, and we are not persuaded that "there has been a change, or at least a significant clarification, of the law since the [BIA's] decision." *Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 886 (9th Cir.2003). We therefore dismiss this aspect of the petition for review. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (court generally lacks jurisdiction to review contentions not raised before the agency).

Fonseca–Ramirez's remaining arguments are unpersuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**