**Cesar Basa RESURRECCION,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 06–74980.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed July 9, 2008.

Roman P. Mosqueda, Law Offices of Roman P. Mosqueda, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, John C. Cunningham, John S. Hogan, OIL, Kristin K. Edison, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GIBSON,* O'SCANNLAIN, and GRABER, Circuit Judges.

## MEMORANDUM **

Cesar Basa Resurreccion, a permanent resident of the United States and a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' decision that his 1991 conviction for transportation of counterfeited securities under 18 U.S.C. § 2314 was an offense "relating to counterfeiting" and therefore qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R).[1] Based on its conclusion that Resurreccion was convicted of an aggravated felony, the BIA determined that he was statutorily ineligible for a waiver of inadmissibility and cancellation of removal. Because a conviction under 18 U.S.C. § 2314 is not categorically for an offense relating to counterfeiting and, under the modified categorical approach, the record in this case does not demonstrate unequivocally that the jury was required to find the requisite elements for an offense relating to counterfeiting, we grant the petition.

The Immigration and Nationality Act defines "aggravated felony" as, inter alia, an "offense relating to ... counterfeiting ... for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(R). Resurreccion was convicted under 18 U.S.C. § 2314. To determine whether a conviction under § 2314 is for an offense "relating to ... counterfeiting," we apply the "categorical" approach

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Resurreccion argued in his brief that his conviction was not for an aggravated felony because he lacked the intent to defraud. He did not brief the precise legal arguments on which we decided the case, i.e., whether his conviction was "generic" using the categorical and modified categorical approaches. Nevertheless, he adequately preserved the question by contending his conviction for 18 U.S.C. § 2314 is not an aggravated felony under 8 U.S.C. § 1101. *See Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121 (9th Cir.2006) (en banc) (treating question of whether a conviction under § 2314 is an aggravated felony under § 1101(a)(43)(R) as one issue, encompassing both categorical and modified categorial approaches). Likewise, there was adequate administrative exhaustion because Resurreccion argued to the BIA that his conviction for 18 U.S.C. § 2314 was "not an offense of counterfeiting per se, within the meaning of § 101(a)(43)(R)." "A petitioner need not ... raise the *precise* argument below." *Vizcarra–Ayala v. Mukasey,* 514 F.3d 870, 873 (9th Cir.2008) (finding administrative exhaustion even though petition did not set forth specific legal grounds, but the petitioner did specify issue that formed basis of appeal).

set forth in *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). First, we assess whether the statute of conviction encompasses offenses that are narrower than or equal to the federal definition of an offense "relating to [counterfeiting]." *Vizcarra–Ayala v. Mukasey,* 514 F.3d 870, 874 (9th Cir.2008). If so, the conviction necessarily is for an offense "relating to [counterfeiting]." *Id.*

■ The BIA found Resurreccion ineligible for cancellation of removal and waiver of inadmissibility because it concluded that his conviction under 18 U.S.C. § 2314 was for an offense "relating to counterfeiting," and therefore qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). This was error. Section 2314 covers conduct that is beyond the core offense of counterfeiting. It includes, for example, ordinary interstate transportation of stolen property. *Id.* Therefore, a conviction under § 2314 is not categorically a conviction for an offense "relating to counterfeiting," even if we construe the meaning of "relating to" broadly.[2]

When the statute of conviction is facially over-inclusive, as it is here, the court may conduct a modified categorical approach to determine whether the record unequivocally establishes that the conviction necessarily included the requisite elements of the offense "relating to counterfeiting." *See Vizcarra–Ayala,* 514 F.3d at 877. To satisfy the modified categorical approach in the case of a jury conviction, as here, the record of conviction must establish that the " 'jury was actually required to find all the elements' of [the generic offense]." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc) (alteration in original) (quoting *Taylor,* 495

U.S. at 602, 110 S.Ct. 2143), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n. 4 (2002).

In this case, the agency did not reach the modified categorical approach, and the government contends that under *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we lack the authority to decide issues that have not been decided at the agency level. But *Ventura* is inapplicable here because the BIA did decide the issue of whether Resurreccion's conviction was an aggravated felony—albeit under the categorical approach, rather than the modified categorical approach. Where the agency has decided whether a conviction is an aggravated felony, we may reach the question even if the agency stopped short of the modified categorical analysis. *Fernandez–Ruiz v. Gonzales,* 466 F.3d 1121, 1132–34 (9th Cir.2006) (en banc) (distinguishing *Ventura* and applying the modified categorical approach in the first instance because agency addressed the issue under the categorical approach).

Because Resurreccion is seeking cancellation of removal under 8 U.S.C. § 1229b(a), he has the burden of proving that he has not been convicted of an aggravated felony. *Sandoval–Lua v. Gonzales,* 499 F.3d 1121, 1130 (9th Cir.2007). However, we have held that an alien bears his burden of proof on this issue when he produces an inconclusive record of conviction. *Id.*

■ Applying the modified categorical approach, we conclude that the evidence in this record is insufficient to show that Resurreccion's conviction under 18 U.S.C. § 2314 was necessarily for an offense "re-

---

**2.** The government contends that a conviction under 18 U.S.C. § 2314 "relates to" counterfeiting and that the "relating to" language has been construed broadly. However, § 2314 could be violated without *any* counterfeiting having occurred to which a defendant's conduct could "relate."

lating to counterfeiting." Here, the only judicially noticeable document in the record establishing the conviction was the judgment, which indicates that Resurreccion was found guilty on count three under "18 USC 2314" and which labels the crime as "Transportation of Counterfeited Securities."

The judgment in this case does not specify the elements under which Resurreccion was convicted; it cites the statute. The name of the statute obviously does not narrow the offense, since we have just held that the statute is overbroad, and the judgment does not specify a subsection. The judgment's label of "Transportation of Counterfeited Securities" does not establish the missing facts under the modified categorical approach. *See Huerta–Guevara v. Ashcroft*, 321 F.3d 883 (9th Cir. 2003). Likewise, the sentencing judge's reference to "counterfeit instrument" in the judgment does not suffice because sentencing findings are not cognizable under the modified categorical approach. *Li v. Ashcroft*, 389 F.3d 892, 898 (9th Cir.2004).

Finally, Resurreccion's admission in a motion that he was convicted for transportation of counterfeited securities and a statement in a judicial opinion describing the nature of Resurreccion's conviction are insufficient because they are not judicially noticeable documents we can consider under the modified categorical approach. *See Tokatly v. Ashcroft*, 371 F.3d 613, 623 (9th Cir.2004) (rejecting government's request to expand "this court's—and the Board's—strict rules against extra-record of conviction evidence" to include statements in a brief or judicial admissions).

Because a conviction under 18 U.S.C. § 2314 is not categorically for an offense "relating to counterfeiting" and the record of conviction in this case does not demonstrate unequivocally that the jury was required to find the requisite elements for an offense relating to counterfeiting, we GRANT the petition and remand to the BIA for further proceedings not inconsistent with this memorandum disposition.

PETITION FOR REVIEW GRANTED.