**Jerod Emmanuel MCCULLOCK, etc., Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72151.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2009.

Filed Sept. 10, 2009.

Jerod Emmanuel McCullock, Florence, AZ, pro se.

George Clark Harris, Marc A. Hearron, Morrison & Foerster LLP, San Francisco, CA, for Petitioner.

District Counsel Phoenix, Esquire, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Norah Ascoli Schwarz, Senior Litigation Counsel, Andrew Jacob Oliveira, Esquire, Trial, M. Jocelyn Lopez Wright, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, ROTH,* and TASHIMA, Circuit Judges.

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

## MEMORANDUM **

Jerod McCullock petitions for review from the order of removal of the Board of Immigration Appeals (BIA). McCullock argues that the BIA erred in holding that (1) his Arizona conviction in 2000 was for an offense relating to a controlled substance and (2) his Arizona conviction in 1995 was for a crime of violence and was thus an aggravated felony. For the reasons that follow, we GRANT McCullock's petition for review, VACATE the BIA's decision, and REMAND to the BIA for a hearing on McCullock's application for relief under former INA § 212(c).

Our review is "limited to the BIA's decision" because it conducted its own review of the evidence and law rather than adopt the Immigration Judge's decision. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir.2006) (internal quotation marks omitted). Because the issue of whether a prior state conviction is a predicate offense justifying removal is a question of law, we will review the BIA's decision de novo. *See Morales–Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir.2006).

■ The BIA erred in holding that McCullock's 2000 conviction was for an offense relating to a controlled substance that made him removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(B)(i), because the BIA impermissibly relied on the criminal complaint as a charging document to establish what substance McCullock pled guilty to possessing.

To determine whether a prior conviction qualifies as a predicate offense for deportation purposes, we use the two-step analy-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sis set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). *See, e.g., Parrilla v. Gonzales,* 414 F.3d 1038, 1042 (9th Cir.2005). Under the modified categorical approach, which is the second step and applicable here, when the conviction was obtained pursuant to a guilty plea, our "review is 'limited to examining the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which [the petitioner] assented.'" *United States v. Vidal,* 504 F.3d 1072, 1086 (9th Cir.2007) (en banc) (quoting *Shepard,* 544 U.S. at 16, 125 S.Ct. 1254).

Both this Court and the Arizona Supreme Court have held that a criminal complaint is not a charging document under Arizona law. *See Favors v. Eyman,* 466 F.2d 1325, 1327 (9th Cir.1972); *McKaney v. Foreman,* 209 Ariz. 268, 100 P.3d 18, 21 (2004). A charge, by contrast, may be brought only by an indictment or an information. *Id.* Because the BIA here did not review the "charging document," there is no support for its position that McCullock's conviction was for an offense relating to a controlled substance.

■ In contrast to its first holding, the BIA did not err in holding that McCullock's 1995 conviction was for an aggravated felony because it was for a crime of violence and an attempted crime of violence, thereby making him removable under INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), and INA § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U), respectively.[1]

Under the categorical approach, we compare the elements of the statute of conviction to the definition of the predicate offense to determine whether all conduct proscribed by the statute of conviction categorically falls within the predicate offense. *Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 887 (9th Cir.2003). "For this purpose, we look only to the fact of conviction and the statutory definition of the prior offense." *Id.* (internal quotation marks omitted).

The BIA stated that McCullock was convicted of "aggravated assault under Arizona Revised Statutes sections 13–1203(A)(2) and 13–1204(A)(2)." The record shows, however, that McCullock was convicted of "*attempted* aggravated assault" and that he violated A.R.S. § "13–1204(A)(2)(B)." (emphasis added). Our review of the record satisfies us that the minute entry should have read 13–1204(A)(2)—with no subsection (B). We conclude that the minute entry's addition of "(B)" after "1204(a)(2)" was a mere scrivener's error because the entry contained an "obvious clerical or typographical error[ ]." *See Amalgamated Transit Un. v. Laidlaw Transit,* 448 F.3d 1092, 1097 (9th Cir.2006).

The corrected statute of conviction is categorically a crime of violence and an attempted crime of violence. McCullock's arguments, that it is not, all rely on Arizona's definition of attempt being broader than the federal definition. We recently held that, "based on a review of Arizona's caselaw, it is clear that Arizona's definition of attempt is coextensive with the federal definition." *United States v. Taylor,* 529

1. We reject the government's argument that McCullock waived this argument because the BIA cured McCullock's failure in considering his unraised issue involving INA § 101(a)(43)(F) on the merits. *See Abebe v. Gonzales,* 432 F.3d 1037, 1041 (9th Cir.2005) (en banc). Also, since it would have been futile for McCullock to raise any separate argument that the 1995 conviction was not an attempted crime of violence because the BIA concluded that it was a completed crime of violence, McCullock was not required to raise this argument. *See Sun v. Ashcroft,* 370 F.3d 932, 943 (9th Cir.2004).

F.3d 1232, 1238 (9th Cir.2008). McCullock is thus removable as an aggravated felon under both INA § 101(a)(43)(U) and INA § 101(a)(43)(F).

McCullock's 1995 conviction was for an aggravated felony. His 2000 conviction, however, was not for an offense relating to a controlled substance. We will therefore remand this matter to the BIA for a hearing on his application for relief under former INA § 212(c), 8 U.S.C. § 1182(c).

We GRANT, VACATE, and REMAND.