**NOT FOR PUBLICATION**

OCT 24 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARLENE DE FATIMA AVILA, | No. 07-72965 |
| Petitioner, | Agency No. A037-587-584 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 12, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District
Judge.[**]

Darlene De Fatima Avila (Avila) petitions for review of the decision of the

Board of Immigration Appeals (BIA) finding her removable and ineligible for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S.
District Court for Northern Texas, sitting by designation.

cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant Avila's petition for review and vacate the order of removal.

We review the BIA's determination of purely legal questions de novo. 8 U.S.C. § 1252(a)(2)(D); *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004). While this Court lacks jurisdiction to review legal claims that were not presented to the BIA, 8 U.S.C. § 1252(d)(1), a "petitioner is not limited to raising issues in exactly the same terms as they were presented to the Board." *Pagayon v. Holder,* 642 F.3d 1226, 1232 (9th Cir. 2011) (citing *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008)). In this case, we find adequate exhaustion.

The Department of Homeland Security (DHS) must prove by "clear, unequivocal, and convincing evidence that the facts alleged as grounds for [removal] are true." *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir. 1989) (citing *Woodby v. INS*, 385 U.S. 276, 286 (1966)). DHS charged Avila as removable pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) (providing for removal following a conviction related to a controlled substance) and 8 U.S.C. § 1182(a)(2)(C) (providing for removal for illicit trafficking). To be removable under either of these statutory provisions, "the government [is required] to prove that the substance underlying the alien's state law conviction . . . is one

that is covered by Section 102 of the [Controlled Substances Act (CSA)]." *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076 (9th Cir. 2007).

Avila's conviction under California Health and Safety Code § 11352(b) is not categorically a removable offense. "California regulates the possession and sale of numerous substances that are not similarly regulated by the CSA," *Ruiz-Vidal*, 473 F.3d at 1078. Therefore, we cannot determine from the state statutory definition alone whether a conviction pursuant to Section 11352(b) relates to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II) or constitutes an illicit trafficking offense under 8 U.S.C. § 1182(a)(2)(C) sufficient to render Avila removable. *Taylor v. United States*, 495 U.S. 575, 600 (1990). Consequently, we must use the modified categorical approach to determine whether, based on the administrative record, Avila's conviction qualifies as a predicate offense for removal purposes. *Id.* at 600.

DHS presented to the immigration judge (IJ) only three judicially cognizable documents relating to Avila's 2002 conviction to support the charges of removal against her. DHS submitted a certified copy of the criminal complaint, a "Waiver of Rights[,] Plea of Guilty/No Contest" form, and a minute order. Neither the plea agreement nor the minute order specify the controlled substance at issue in Avila's conviction.

3

In analyzing the record of conviction, we are permitted to consider "the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc), superseded on other grounds by statute as explained in *United States v. Gomez-Mendez*, 486 F.3d 599, 604-05 (9th Cir. 2007). However, "a charging document does not, standing alone, demonstrate that the crime charged and the crime of conviction are one and the same. Something else must connect the two." *Pagayon*, 642 F.3d at 1233.

Based on the administrative record submitted to the IJ, we cannot determine whether Avila's conviction pursuant to Section 11352(b) involved a federally prohibited controlled substance. While the complaint against Avila identifies heroin, which is a drug listed in Schedule I of the CSA, 21 C.F.R. § 1308.11(c)(11), the plea agreement and minute order are silent as to the nature of the controlled substance. Nothing connects the crime charged to the crime of conviction. Since the documents submitted by DHS are inconclusive, we are left to speculate, "[b]ut speculation is not enough." *Ruiz-Vidal*, 473 F.3d at 1079.

The government urges us to consider additional evidence to determine whether Avila is removable as charged. The government cites to an unpublished

4

decision by the California Court of Appeal for the Sixth District, which appears to rely on the transcript of Avila's plea proceeding. The opinion states that Avila "pleaded guilty to a 'violation of . . . section 11352(b), as alleged in the complaint in count 2 . . . .'" *People v. Avila*, 2010 WL 3623639 at *2 (Cal. Ct. App. 2010).

Petitions for review generally are evaluated based on "the record of the pleadings, evidence adduced, and proceedings before the agency." 28 U.S.C. § 2347(a). We may consider additional evidence if a party demonstrates that "(1) the additional evidence is material; and (2) there were reasonable grounds for failure to adduce the evidence before the agency." 28 U.S.C. § 2347(c). Avila's plea proceeding occurred on January 3, 2002, more than three years before the initiation of Avila's removal proceedings, yet DHS failed to include the plea colloquy in Avila's record of conviction. In a case where DHS submitted *"some* evidence in support of its position . . . [n]o reason appears why it could not have introduced *sufficient* evidence." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003) (emphasis in original). We decline to consider the additional evidence submitted by the government to demonstrate that Avila pled guilty "as alleged." Considering this evidence now would undermine "the fundamental principle that, in determining whether a prior conviction constitutes a predicate offense, we must avoid the enormous problems of re-litigating past convictions,

5

especially in cases where the defendant pleads guilty and there is no record of the underlying facts." *Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004) (internal citations and quotations omitted).

Because the record of conviction is inconclusive, "the government has not met its burden of proof, and the conviction may not be used for purposes of removal." *Tokatly*, 371 F.3d at 624. Since Avila is a lawful permanent resident who is "not subject to removal on the basis charged," her order of removal "must accordingly be vacated." *Huerta-Guevara*, 321 F.3d at 888.

Petition **GRANTED** and Order of Removal **VACATED**.