**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAN HUYNH, | No.   17-73326 |
| Petitioner, | Agency No. A073-278-488 |
| v. | |
| WILLIAM P. BARR, Attorney General | MEMORANDUM[*] |
| Respondent, | |

Appeal from the Board of Immigration Appeals

Argued and Submitted May 22, 2020
San Francisco, California

Before:  BERZON and IKUTA, Circuit Judges, and LEMELLE,[**] Senior District Judge.

Petitioner Dan Huynh appeals the Board of Immigration Appeal's (BIA) decision affirming the denial of petitioner's motion to reopen deportation proceedings by the Immigration Court (IJ).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

Petitioner argues that notice to his counsel was insufficient, as petitioner could not be timely found due to his own drug addiction and homelessness issues. While this court has empathy for anyone with those serious issues, the current law requires holding that legal notice through service upon his counsel of record is sufficient. *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000).

Next, petitioner claims the refusal to reopen his removal proceeding *sua sponte* was based on legal or constitutional error because the BIA and the IJ (1) admitted a contested police report into evidence without authentication of the police report; (2) deprived petitioner of a fair hearing under the Fifth Amendment; and (3) failed to order a hearing under 8 U.S.C. §1229a(b)(4)(B) to determine the reliability of the contested police report.

"[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

In declining to reopen *sua sponte*, the IJ reasoned that petitioner was ineligible to adjust his status under 8 U.S.C. § 1159(c), which provides that the Attorney General may generally adjust an alien's status, unless the alien is inadmissible under 8 U.S.C. § 1182(a)(2)(C). The IJ concluded that the Attorney General had "reason to believe" that petitioner was a drug trafficker and thereby inadmissible

2

under that provision. This conclusion was, it appears, partially based on an August 2, 2011 police incident report, which was corroborated by petitioner's criminal history report. Such corroboration is enough to authenticate the police report. The BIA may admit evidence under either the requirements of the INA statute or through "any procedure that comports with common law rules of evidence." *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006) (quoting *Iran v. I.N.S.,* 656 F.2d 469, 472 n. 8 (9th Cir.1981) (as amended)). Admissibility is generally warranted so long as there is "some sort of proof that the document is what it purports to be." *Id.* Petitioner's criminal history report confirms that petitioner was arrested on August 2, 2011 for "poss/purchase cocaine base f/sale" and "possess unlaw paraphernalia." It was reasonable to conclude that the police report was what it purported to be based on this evidence. *See United States v. Gadson,* 763 F.3d 1189, 1203 (9th Cir. 2014). Therefore, to the degree the BIA relied on the police report, it did not base its denial of *sua sponte* reopening on any legal error.

Petitioner's testimony that he was not a drug trafficker does not undermine the evidence establishing a "reason to believe" that petitioner was a drug trafficker, and therefore the BIA did not err in not expressly addressing petitioner's testimony. The BIA may have determined that there was reason to believe that petitioner trafficked in controlled substances without considering the police

incident report. A criminal history report showed that petitioner was arrested for drug trafficking crimes in 2008, 2011, and 2014. The BIA noted that at the time of petitioner's arrest on August 2, 2011, petitioner was "subject to felony probation for transport, sale, giving away, etc., controlled substances in violation of Cal. Health & Safety Code § 11352." This conclusion is purely factual and so not reviewable as relied upon in the denial of a request for *sua sponte* reopening. *See Bonilla*, 840 F.3d at 588.

Further, petitioner is not entitled to a hearing pursuant to 8 U.S.C. §1229a(b)(4)(B) nor pursuant to the Due Process Clause of the Fifth Amendment. Section 1229a(b)(4)(B) is applicable only to removal proceedings, not to the agency's discretionary decision as to whether to reopen such proceedings *sua sponte*. Likewise, petitioner has no fundamental right to discretionary relief from removal for purposes of due process; thus, petitioner does not have a right to a hearing under the Due Process Clause. *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004).

We lack jurisdiction to review petitioner's unexhausted claim that the Notice to Appear was defective under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Even assuming petitioner's failure to exhaust this claim is not a bar to relief due to a change in the law, *see Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 8866 (9th Cir. 2003), petitioner's

argument would nevertheless fail in light of *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 1158).

**PETITION DENIED**