# In re Eduardo BLANCAS-Lara, Respondent

## File A43 038 518 - Otay Mesa

### *Decided June 10, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The period of an alien's residence in the United States after admission as a nonimmigrant may be considered in calculating the 7 years of continuous residence required to establish eligibility for cancellation of removal under section 240A(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a)(2) (Supp. V 1999).

FOR RESPONDENT: Jonathan D. Montag, Esquire, San Diego, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Kimberly A. Jones, Assistant District Counsel

BEFORE: Board Panel: GUENDELSBERGER, ROSENBERG, and PAULEY, Board Members.

PAULEY, Board Member:

The Immigration and Naturalization Service appeals from the decision of an Immigration Judge dated January 28, 1999, granting the respondent cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (Supp. V 1999). The appeal will be dismissed.

Section 240A(a) of the Act provides as follows:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>   (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>   (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>   (3) has not been convicted of any aggravated felony.

The sole issue on appeal is whether the respondent established that he "has resided in the United States continuously for 7 years after having been admitted in any status," as required by section 240A(a)(2) of the Act.[1]

---

[1] The Service concedes that the respondent is an alien lawfully admitted for permanent residence for over 5 years and has not been convicted of an aggravated felony, as required by

(continued...)

The respondent was first admitted to the United States in August 1986 with a border crossing card. He adjusted his status to that of a lawful permanent resident on August 5, 1991. The respondent's period of continuous residence under section 240A(a)(2) of the Act ended on April 1, 1998, when he was served with a Notice to Appear (Form I-862). *See* section 240A(d)(1) of the Act. At that point, the respondent had resided in the United States as a lawful permanent resident for about 6 years and 8 months.

The Immigration Judge concluded that the respondent could count time he spent in the United States as a child before his admission as a lawful permanent resident toward the accrual of 7 years of continuous residence under section 240A(a)(2), because the lawful residence of his father, a citizen and resident of the United States, could be imputed to him. In reaching her conclusion, the Immigration Judge relied upon *Lepe-Guitron v. INS*, 16 F.3d 1021, 1024-26 (9th Cir. 1993), which stated that the domicile of a parent may be imputed to a minor in determining the minor's domicile for purposes of assessing eligibility for a waiver under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993). The Service argues that the Immigration Judge's reliance on this decision was misplaced, because the determination of domicile for section 212(c) eligibility involves considerations that are separate and distinct from those involved in determining continuous residence under section 240A(a)(2) of the Act.[2]

We do not find it necessary to reach the question of imputed residence in this case. We find, instead, that under the plain meaning of the statutory language, the respondent's period of residence after his admission as a nonimmigrant in 1986, when he was approximately 5 years of age, may be considered in calculating the period of continuous residence for purposes of section 240A(a)(2). *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987) (noting the assumption that the legislative purpose of a statute is expressed by the ordinary meaning of the words used).

We begin our analysis by examining the relevant language of section 240A(a)(2), "has resided in the United States continuously for 7 years after

---

[1] (...continued)

sections 240A(a)(1) and (3) of the Act. The Service also indicated in proceedings below that it did not contest the Immigration Judge's determination that the respondent should be granted cancellation of removal in the exercise of discretion.

[2] As the Service noted on appeal, *Lepe-Guitron v. INS*, *supra*, addressed eligibility for relief under former section 212(c) of the Act, which requires a period of lawful unrelinquished "domicile." The court's rationale depended, in part, on its observation that "a child's domicile follows that of his or her parents . . . because children are, legally speaking, incapable of forming the necessary intent to remain indefinitely in a particular place." *Id.* at 1025; *see also Vang v. INS*, 146 F.3d 1114, 1116-17 (9th Cir. 1998). By way of contrast, section 240A(a)(2), which is at issue here, requires a period of continuous *residence*, which requires no proof of intent.

having been admitted in any status." Section 101(a)(33) of the Act, 8 U.S.C. § 1101(a)(33) (2000), defines a "residence" as "the place of general abode," which is further defined as a person's "principal, actual dwelling place in fact, without regard to intent." Section 101(a)(13) of the Act states that the term "admitted" means "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."

Although no specific definition of the word "status" is included in section 101 of the Act, it is generally defined in the legal context as a "[s]tanding; state or condition," and as "[t]he legal relation of [an] individual to [the] rest of the community." *Black's Law Dictionary* 1264 (5th ed. 1979). "Status" is a term of art, which is used in the immigration laws in a manner consistent with the common legal definition. It denotes someone who possesses a certain legal standing, e.g., classification as an immigrant or nonimmigrant. The use of the word "any" to modify the word "status" indicates that Congress intended section 240A(a)(2) to include admissions of nonimmigrants as well as immigrants. Thus, the plain language of section 240A(a)(2) encompasses nonimmigrants admitted to the United States who thereafter reside in the United States for at least 7 years.

The record indicates that the respondent was admitted to the United States as the holder of a border crossing card. At the time of his admission in 1986, the holder of a border crossing card was classified as a nonimmigrant. *See* 8 C.F.R. §§ 212.6, 235.1(f)(iii), (g) (1986); 22 C.F.R. § 41.128 (1986).[3] The Service contended at the hearing before the Immigration Judge that a reasonable interpretation of the words "admitted in any status" in section 240A(a)(2) of the Act means admitted for lawful residence in any "immigrant" status, because to apply the literal meaning of the statute would contravene the intent of Congress to discourage the unlawful residence of aliens in the United States.

We are unpersuaded by the Service's argument for several reasons. We agree with the respondent that acceptance of the Service's interpretation would essentially rewrite the statute in a way that would render section 240A(a)(2) of the Act surplusage, because an alien would have to be a lawful permanent resident for 7 years, rather than just 5 years. *See Freytag v. Commissioner*, 501 U.S. 868, 877 (1991) (stating that there is a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment). The Service refers to the respondent's

---

[3] The Service argued before the Immigration Judge that the holder of a border crossing card is not "admitted" to the United States and equated the status of such an alien to that of an alien crewman. Section 101(a)(13)(B) of the Act specifically provides that an alien crewman shall not be considered to have been admitted, but it does not mention aliens who enter with a border crossing card. The regulations in effect at the time of the respondent's entry indicate that aliens who entered with border crossing cards were (and still are) considered nonimmigrants. 8 C.F.R. §§ 212.6, 235.1(f)(iii), (g).

apparent breach of the conditions of his nonimmigrant status and asserts that Congress intended cancellation of removal under section 240A(a) to be for aliens who have not fallen out of status during the 7 years of continuous residence.[4] However, Congress could easily have written section 240A(a)(2) to include maintenance of status as a prerequisite for relief, but it chose only to require 7 years of continuous residence after admission to the United States.

Moreover, the Service has not convinced us that accepting the plain meaning of the statute would lead to an absurd result. As noted by the respondent, in many instances Congress has provided relief for aliens who fell out of status at some point during their residence in the United States.

We acknowledge that an alien, like the respondent, who was admitted as a nonimmigrant for a temporary period could not use the date of admission as the start of the required period of domicile to establish eligibility for relief under former section 212(c) of the Act. *Cf. Melian v. INS*, 987 F.2d 1521, 1525 (11th Cir. 1993); *Matter of Ponce De Leon*, 21 I&N Dec. 154, 158 (BIA 1996; A.G., BIA 1997). As noted by the Service, however, section 212(c) required the alien to establish domicile, whereas section 240A(a) requires only residence. Therefore, although the date when the alien could form the intent to permanently reside in the United States was crucial in the section 212(c) analysis, *see Melian v. INS*, *supra*, it is not relevant for cancellation of removal under section 240A(a)(2).

The legislative history of section 240A(a) of the Act indicates that it was meant to "replace and modify" the section 212(c) waiver. This sparse language does not clearly override the plain language of section 240A(a)(2) that time in residence in the United States after admission in *any* status may be applied toward the 7 years of continuous residence required for cancellation of removal. *See* H.R. Conf. Rep. 104-828, at 213 (1996), 1996 WL 563320; *INS v. Cardoza-Fonseca*, *supra*, at 432 n.12 ("[W]e look to the legislative history to determine only whether there is 'clearly expressed legislative intention' contrary to [the] language [of the statute]." (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980))).

We find that the respondent established that, at the time of his application for relief, he had resided in the United States continuously for 7 years after having been admitted as a nonimmigrant. Accordingly, we concur with the Immigration Judge's decision and will dismiss the appeal.

**ORDER:** The appeal of the Immigration and Naturalization Service is dismissed.

---

[4] The respondent remained beyond the 72 hours that a Mexican national holding a border crossing card was authorized to stay in the United States. *See* 8 C.F.R. § 235.1(f)(iii).