**Ricardo GOMEZ–JIMENEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72802.**
**Agency No. A91–500–361.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Ricardo Gomez–Jimenez, El Centro, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David Dauenheimer, U.S. Department of Justice Civil Division/Torts Branch, Richard M. Evans, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Ricardo Gomez–Jimenez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") order of removal. We have

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252. We review questions of law de novo, *Martinez–Garcia v. Ashcroft*, 366 F.3d 732, 733 (9th Cir.2004), and factual findings for substantial evidence, *Nakamoto v. Ashcroft*, 363 F.3d 874, 881–82 (9th Cir.2004). We deny the petition for review.

Gomez–Jimenez's contention that his convictions for petty theft are not crimes of moral turpitude is foreclosed by *United States v. Esparza–Ponce*, 193 F.3d 1133, 1135–37 (9th Cir.1999). Our decision in *U.S. v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002) is not to the contrary.

Substantial evidence supports the IJ's determination that Gomez–Jimenez was ineligible for cancellation of removal because Gomez–Jimenez did not demonstrate that he had continuously resided in the United States during the relevant seven year period. *See* 8 U.S.C. § 1229b(a)(2); *see also Matter of Blancas–Lara*, 23 I. & N. Dec. 458, 460 (BIA 2002) (defining residence for purposes of 8 U.S.C. § 1229b(a)(2) as an alien's principle, actual dwelling place in fact, without regard to intent).

Gomez–Jimenez's remaining contentions lack merit.

PETITION FOR REVIEW DENIED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.