*392 MEMORANDUM ***
Emigdio Diego Martinez-Martinez petitions for review of the Board of Immigration Appeals’ (“BIA”) summary affirmance of an immigration judge’s (“IJ”) determination that he is ineligible for cancellation of removal as a nonpermanent resident under 8 U.S.C. § 1229b(b)(l). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.
Martinez’s contention that the IJ erred in refusing to impute his father’s continuous physical presence to satisfy the requirement of 8 U.S.C. § 1229b(b)(l)(A) is foreclosed by our recent decision in Ramos Barrios v. Holder, 567 F.3d 451, 459-66 (9th Cir.2009). Unlike the terms of art at issue in Lepe-Guitron v. INS, 16 F.3d 1021 (9th Cir.1994), Cuevas-Gaspar v. Gonzales, 430 F.3d 1013 (9th Cir.2005), and Escobar v. Holder, 567 F.3d 466 (9th Cir.2009), “the definition of physical presence does not require a specific status, intent, or state of mind,” Ramos Banios, at 464-65 (internal quotation marks omitted); see also id. at 463-65. Put simply, “[ejither the petitioner has been continuously present in the United States ... or the petitioner has not.” Kalaw v. INS, 133 F.3d 1147, 1151 (9th Cir.1997). Thus, the IJ correctly determined that imputation of physical presence is not appropriate.
Nor did the BIA abuse its discretion in declining to discuss In re Blancas-Lara, 23 I. & N. Dec. 458 (BIA 2002), which is largely inapposite. Further, to the extent Blancas-Lara might be relevant, it is derivative of Lepe-Guitron, which the IJ discussed at length. Accordingly, the BIA properly affirmed the decision of the IJ pursuant to Matter of Bur-bano, 20 I. & N. Dec. 872 (BIA 1994).
Finally, we reject Martinez’s contention that allowing imputation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996), while disallowing it under 8 U.S.C. § 1229b(b) violates the Equal Protection Clause. Section 212(c) pertains to lawful permanent residents, as does § 1229b(a), while § 1229b(b)(l) applies to nonpermanent residents. In light of the deferential, rational-basis review we afford to classifications in the immigration context, Martinez fails to articulate a colorable equal protection violation. See Hernandez-Mezquita v. Ashcroft, 293 F.3d 1161, 1163-64 (9th Cir.2002).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.