**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL DIAZ-AGUILAR, | No. 08-73338 |
| Petitioner, | Agency No. A046-280-229 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2010[**]

Before:  O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Raul Diaz-Aguilar, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we grant in part and deny in part the petition.

Contrary to the government's contention, the BIA's July 22, 2008, order was the only final order of removal in this case because the BIA previously remanded for the entry of a removal order, *see generally Molina-Camacho v. Ashcroft*, 393 F.3d 937 (9th Cir. 2004), *overruled by Lolong v. Gonzales*, 484 F.3d 1173 (9th Cir. 2007) (en banc), and Diaz-Aguilar filed a timely notice of appeal from the IJ's decision on remand, *see* 8 U.S.C. § 1101(a)(47)(B). It follows that we have jurisdiction to consider the BIA's October 16, 2006, decision. *See* 8 U.S.C. § 1252(b)(9).

The BIA erred in concluding that Diaz-Aguilar was ineligible for cancellation of removal for legal permanent residents based on his failure to satisfy a continuous physical presence requirement. By its own terms, 8 U.S.C. § 1229b(d)(2) applies to the continuous physical presence requirement for nonpermanent residents seeking cancellation of removal, *see* 8 U.S.C. §§ 1229b(b)(1)(A) & (2)(A)(ii), rather than the continuous residence requirement for legal permanent resident cancellation of removal, *see* 8 U.S.C. § 1229b(a)(2); *see also Matter of Blancas-Lara*, 23 I. & N. Dec. 458, 460 (defining "residence"

for purposes of 8 U.S.C. § 1229b(a)(2)).  We therefore remand for reconsideration of Diaz-Aguilar's eligibility for cancellation of removal in light of our disposition.

In his opening brief, Diaz-Aguilar failed to set forth any substantive argument regarding the IJ's refusal to reconsider his prior denial of a waiver under 8 U.S.C. § 1227(a)(1)(E)(iii).  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument in a party's opening brief are deemed waived).

The government shall bear the costs of this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**