**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA DELICIA GALINDO DE RODRIGUEZ, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 08-73477 Agency No. A076-217-735 |

| | |
|---|---|
| ROSA DELICIA GALINDO DE RODRIGUEZ, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 09-71264 Agency No. A076-217-735 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 5, 2013—Pasadena, California

Filed July 30, 2013

Before: Stephen S. Trott and William A. Fletcher,
Circuit Judges, and Sidney H. Stein, District Judge.[*]

Opinion by Judge Stein

## SUMMARY[**]

### Immigration

The panel granted Rosa Galindo de Rodriguez's petition for review of the Board of Immigration Appeals' decision finding her ineligible for cancellation of removal, but denied her petition from the denial of her motion to reopen.

The panel held that the BIA erred in concluding that Galindo's residence "after having been admitted in any status" was not continuous as required by 8 U.S.C. § 1229b(a)(2) because she took a thirteen-day trip to Mexico pursuant to a grant of advance parole. The panel also held that § 1229b(a)(2) only requires seven years of continuous residence; it does not require continuous status of any particular kind, and the lawfulness of her presence in the United States is immaterial to the continuity of residence. The panel held, however, that the BIA did not abuse

---

[*] The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

discretion in denying Galindo's motion to reopen seeking to retract her admissions and concessions of removability.

## COUNSEL

Philippe M. Dwelshauvers, Fresno, California, for Petitioner.

Jonathan Aaron Robbins (argued), Trial Attorney, Tony West, Assistant Attorney General, William C. Peachey, Assistant Director, and Rebecca Hoffberg Phillips, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

## OPINION

STEIN, District Judge:

Rosa Delicia Galindo de Rodriguez ("Galindo") petitions for review of two final orders of the Board of Immigration Appeals ("BIA"), the first finding her ineligible for cancellation of removal and the second denying her motion to reopen. In her first petition, Galindo contends that the BIA erred in finding that she had not "resided in the United States continuously for 7 years after having been admitted in any status"—a requirement for certain legal permanent residents ("LPRs") to be eligible for cancellation of removal. *See* Immigration and Nationality Act ("INA") § 240A(a)(2), 8 U.S.C. § 1229b(a)(2). The BIA found that her thirteen-day trip to Mexico, pursuant to an authorization of advance parole, severed the continuity of her United States residence. That conclusion cannot be squared with the plain text of the

statute, which defines a person's residence as her "principal, actual dwelling place." *See* INA § 101(a)(33), 8 U.S.C. § 1101(a)(33).

Before this Court, the government also argues that she was required to maintain a lawful admitted status throughout her seven years of residence. But the provision at issue only requires seven years of continuous residence; it does not require continuous status of any particular kind. The lawfulness of her presence in the United States "after having been admitted in any status" is immaterial to the continuity of her residence. *See* 8 U.S.C. § 1229b(a)(2).

In her second petition, Galindo contends that the BIA should have reopened the case to allow her to retract her concession of removability and argue based on intervening case law that the Immigration Judge ("IJ") should have suppressed her initial confession to her alien-smuggling crime. This petition is meritless. Galindo presents no authority to support her argument that she may retract her binding concessions of removability. Accordingly, the Court grants her first petition, vacates the BIA's dismissal of her appeal, and remands to the BIA for further proceedings. We deny Galindo's second petition.

## I. Background

### A. Galindo's 1990 Admission and Residence in the United States

Galindo, a Mexican national, entered the United States on May 12, 1990 by presenting herself for inspection using a border crossing card. Although the border crossing card limited her to a brief stay in the vicinity of the United States-

Mexico border, she immediately moved north to the Fresno area and married Adrian Rodriguez. In 1996, Adrian became a naturalized United States citizen, the couple had their first child together, and Galindo applied for an adjustment of status based on Adrian's citizenship. Galindo was granted LPR status on May 24, 2000.

During the seven years after Galindo moved to the United States in May 1990, she took only one trip outside the country. The significance of that trip is the focus of this appeal. Shortly after commencing her application for adjustment of status in fall 1996, Galindo applied for and received a grant of advance parole to visit her ailing mother in Tijuana, Mexico. Advance parole was granted on December 23, 1996, allowing her to travel to Mexico and back. Galindo crossed into Mexico on December 24, 1996, visited her mother, and returned thirteen days later, on January 5, 1997. Upon her return, Galindo was paroled into the country to continue her then-pending application for adjustment of status.

## B. Galindo's Arrest and Removal Proceedings

Approximately nine years later, on November 16, 2005, Galindo was detained at the San Ysidro border station when she attempted to use her daughter's United States birth certificate to bring an undocumented minor child across the border. Galindo had agreed to drive the girl from Tijuana to a location in California in exchange for $500. Galindo and another individual had picked the girl up in Tijuana and proceeded to the border. During inspection, the border agent, suspecting that the birth certificate did not belong to the girl, took the occupants inside for a secondary inspection. When questioned, each of the three occupants admitted that the girl

was not Galindo's daughter, and Galindo admitted that she had agreed to transport her for pay. Galindo was served with a notice to appear and detained pending a removal hearing.

After an initial hearing at which an IJ explained her rights and continued the case to allow her to find an attorney, Galindo appeared pro se and declined the offer of more time to find counsel. The IJ then recited the allegations in her notice to appear, and Galindo admitted that each factual allegation was true and admitted the charge of removability. Galindo explained that she wished to apply for cancellation of removal, and the IJ continued the hearing. By the time the hearing resumed, Galindo had found pro bono counsel who obtained another continuance. At the next appearance, counsel explained that Galindo understood the charges and that she still admitted the factual allegations and conceded removability, but was submitting an application for cancellation of removal.

On March 7, 2007, the IJ held a merits hearing on Galindo's application for cancellation and focused on whether Galindo could demonstrate the required seven years' continuous residence in the United States after an admission "in any status." Specifically, the IJ accepted counsel's proffer that Galindo had been lawfully admitted in 1990, but found that her December 1996 trip ended her continuous residence, and that her parole into the country in January 1997 could not qualify as an admission.

## C. Galindo's Appeal to the BIA and Motion to Reopen

Galindo timely appealed to the BIA, contesting only the denial of her cancellation application, not the finding of

removability. She contended that she was admitted in 1990 and that, despite short trips to Mexico, she continuously resided in the country until November 16, 2005, when service of the notice to appear cut off the accrual of residence time pursuant to INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1). Alternatively, she argued that her parole into the country on January 5, 1997, was an "admission" and the start of her period of continuous residence. The BIA dismissed her appeal in an unpublished decision dated July 15, 2008, concluding that she could not demonstrate the required seven years of continuous residence after having been admitted. The BIA found that her December 1996 departure broke the continuity of her residence after her 1990 admission and that her parole was not a qualifying admission.

Galindo then moved the BIA to reopen her removal proceedings on the ground that intervening case law, *de Rodriguez-Echeverria v. Mukasey*, 534 F.3d 1047 (9th Cir. 2008), required the IJ to exclude the record of her interrogation and thus entitled her to withdraw her concession of removability. The BIA denied the motion in an unpublished decision, finding that Galindo had presented no new evidence to suggest that the government had not complied with the pertinent regulations regarding her interrogation at the border, and that in any event, she had presented no authority to exclude her subsequent factual admissions and concessions of removability before the IJ.

## II. Jurisdiction and Standard of Review

We have jurisdiction pursuant to INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions de novo, "except to the extent that deference is owed to its interpretation of the governing statutes and

regulations." *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006). "The BIA's decision reviewed here is unpublished and issued by a single member of the BIA; it does not carry the force of law, and it is accorded only *Skidmore* deference proportional to its thoroughness, reasoning, consistency, and ability to persuade." *Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011). The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).

## III.    Discussion

### A. Galindo "resided in the United States continuously for 7 years after having been admitted in any status" pursuant to § 1229b(a)(2).

There is no dispute that Galindo was "admitted" with non-immigrant "status" within the meaning of the statute when she entered the country in May 1990. *See* 8 U.S.C. § 1229b(a)(2). Instead, the government argues that she ran afoul of the statute twice in the seven years that followed: (1) when she violated the terms of her entry and thus ceased to be lawfully admitted and (2) when she left the country on a thirteen-day trip to Mexico to visit her mother. In essence, the government reads the statute to require seven years of continuous lawful presence—not seven years of residence after a lawful entry. The statutory scheme simply does not bear the government's interpretation.

### 1. Maintenance of lawful status after the admission is not required.

An entry must be "lawful" to qualify as an admission. 8 U.S.C. § 1101(a)(13)(A). But, contrary to the government's contentions, the admission in any status is a single event, after which *residence* must be continuous. As the BIA has held and as this Court has agreed, an alien accrues continuous residence time "after having been admitted in any status" pursuant to 8 U.S.C. § 1229b(a)(2) despite violating the terms of a border-crossing card. *See Guevara v. Holder*, 649 F.3d 1086, 1094–95 (9th Cir. 2011) (discussing *In re Blancas-Lara*, 23 I. & N. Dec. 458 (BIA 2002)). That an alien remains in the country unlawfully is immaterial to this requirement because "Congress in 8 U.S.C. § 1229b(a)(2) did not include maintenance of status as a prerequisite for relief." *Guevara*, 649 F.3d at 1095.

When Congress intends to require seven years of continuous *lawful* residence, it does so explicitly. *Cf.* INA § 212(h), 8 U.S.C. § 1182(h) ("*lawfully* resided continuously in the United States for a period of not less than 7 years" (emphasis added)). That Congress required a period of *lawful* resident status in the immediately preceding clause of the very same sentence places the issue beyond dispute. *See* 8 U.S.C. § 1229b(a)(1) ("lawfully admitted for permanent residence for not less than 5 years"). In sum, § 1229b(a)(2) does not require continuity of any status, let alone lawful status.

### 2. Galindo's brief trip to Mexico on advance parole did not end her period of continuous residence.

The government's reliance on Galindo's thirteen-day trip to end her period of continuous residence in the United States is inconsistent with the definition of "residence" in the statute. "The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101(a)(33). By that or any definition, a brief visit to family does not change a person's residence. The statute does not treat every dwelling in which an alien stays as a new residence; the text instructs courts to take a wider view, deeming the "*principal*, actual dwelling place" and "the place of *general* abode" to be the residence. *Id.* (emphasis added). The objective circumstances—authorization of parole already secured and her home in California awaiting her return while she visited her ailing mother—do not suggest a change in her residence.

Indeed, this Court applied the same definition of "residence" in the context of an application for naturalization and found that an alien with longer and regularized trips to his former home in Mexico still resided in the United States. *Alcarez-Garcia v. Ashcroft*, 293 F.3d 1155, 1157–58 (9th Cir. 2002); *see id.* at 1157 n.2 (observing that Congress codified the definition applied in 8 U.S.C. § 1101(a)(33)). There, the applicant had shown that his father's residence was in Texas even though the father was constantly moving around the state for work and spent three months each year with his family in Mexico. *Id.* at 1157–58.

The government's proposed construction impermissibly converts a requirement that an alien "reside" in the United States for seven years into a requirement that she be "physically present" in the country every day for seven years. *Cf. Rodriguez-Barajas v. INS*, 992 F.2d 94, 97 (7th Cir. 1993) (finding alien had continuously resided in United States despite one "brief" and one "longer trip to Mexico" because statute "requires continuous *residence* in the United States, not continuous *presence* here" (emphasis in original)). Such a rewriting is especially impermissible here because Congress used the term "physically present" in the same statutory section to impose more stringent eligibility requirements on those without LPR status. *See* 8 U.S.C. § 1229b(b)(1)(A).

Moreover, the very same section goes on to define "continuous physical presence" in a more flexible manner than the government would have the Court define "continuous residence." "Physical presence" is, as a matter of statute, continuous despite a trip out of the country lasting up to ninety days. 8 U.S.C. § 1229b(d)(2). Placed in context, the government would have the Court hold that, by visiting her ailing mother briefly, Galindo as a matter of law changed her residence to Mexico while remaining physically present in California. That construction cannot be squared with the definition of "residence" or the context in which that term is used.[1]

---

[1] For the first time at oral argument, the government advanced a new theory: that Galindo's trip actually ended years after she returned home to California because, it contends, the legal fiction of her reentry pursuant to parole was that she remained at the border until the resolution of her then-pending application for LPR status. The government's proposed rule would only favor aliens who avoid the consequences of the asserted legal fiction by leaving and reentering the county surreptitiously instead of securing advance parole and presenting themselves for inspection at the

Accordingly, the BIA committed legal error by concluding based on the undisputed facts that Galindo had not resided in the United States continuously after her admission in 1990. The Court grants the petition for review of the BIA's dismissal of her appeal, and remands for consideration of the merits of Galindo's application for cancellation of removal.

### B. The BIA properly denied Galindo's motion to reopen because she cannot retract her concessions of removability.

Galindo's motion to reopen—claiming that she can retract her concessions of removability and her admissions of the pertinent facts in order to attack the evidentiary bases for her removal on remand—was meritless, and the BIA properly denied that motion. Galindo does not contest that she conceded removability herself and then again through counsel. Nor does she now claim that she was not, in fact, removable as charged. She contends only that the law governing her interrogation might have changed, and that she should thus be permitted to restart the removal proceedings with a clean slate.

But Galindo's concessions of removability before the IJ are binding and render the asserted change in the law immaterial; the BIA was thus well within its discretion to deny her motion to reopen. Galindo contends that she may withdraw her concessions pursuant to this Court's decision in *Huerta-Guevara v. Ashcroft*, 321 F.3d 883 (9th Cir. 2003). There, we concluded that the alien's concession was not

---

border. In any event, the government proffers no support for this reading of the continuous residence requirement, and the Court finds none.

"dispositive" because the change in the law at issue potentially changed the meaning of the alien's concession. *Id.* at 886. Here, by contrast, there is no possibility that Galindo mistakenly conceded removability based on a now-questionable rule of law. The law governing alien smuggling has not changed, and she admitted all of the facts of that crime. Accordingly, the Court denies the petition for review of the BIA's denial of her motion to reopen.

## IV.    Conclusion

The BIA improperly concluded that Galindo's residence "after having been admitted in any status" was not continuous as required by 8 U.S.C. § 1229b(a)(2) because she took a thirteen-day trip to Mexico pursuant to a grant of advance parole. We therefore grant Galindo's petition for review of the BIA's dismissal of her appeal and remand. However, the BIA acted within its discretion in denying her motion to reopen; the Court denies the petition for review of that order.

Petition for review No. 08-73477 is **GRANTED**. The July 15, 2008 order of the BIA is therefore **VACATED**, and the case is **REMANDED**. Petition for review No. 09-71264 is **DENIED**.