**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR HURTADO-GARCIA, AKA Salvador Hurtado Garcia, AKA Salvador Garcia Garcia, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70762 <br><br> Agency No. A073-812-256 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Salvador Hurtado-Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding him removable and denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004), and review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Contrary to Hurtado-Garcia's contention that there has been a change in the law, his conviction under California Penal Code § 273.5 remains an aggravated felony crime of violence. *See Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-86 (9th Cir. 2010); *Carrillo v. Holder*, 781 F.3d 1155, 1158 (9th Cir. 2015) ("[California Penal Code] § 273.5 is categorically a crime that is both domestic and violent in nature"). He is therefore removable and statutorily ineligible for asylum. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1158(b)(2)(B)(i). Similarly, Hurtado-Garcia's contention that he should be allowed to withdraw his concession to the charge of removability based on the alleged change in law lacks merit. *See de Rodriguez v. Holder*, 724 F.3d 1147, 1152 (9th Cir. 2013).

We lack jurisdiction to consider Hurtado-Garcia's unexhausted contention that the IJ applied the incorrect particularly serious crime standard for purposes of withholding of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.

13-70762

2010).  In light of the dispositive particularly serious crime determination, we do not reach Hurtado-Garcia's contentions regarding nexus.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

Substantial evidence supports the agency's denial of CAT relief on the ground that Mendoza failed to demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Silaya*, 524 F.3d at 1073.  Hurtado-Garcia's contention that the BIA ignored country conditions evidence is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**