**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC PEREYRA-ROJAS, | No. 21-1199 |
| Petitioner, | Agency No. A200-551-937 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2023[**]
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Eric Pereyra-Rojas petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") final

order of removal. Because the parties are familiar with the facts of this case, we

recite them only as necessary for the disposition of this petition. We have

jurisdiction, *see* 8 U.S.C. § 1252, and we deny the petition.

1. For the first time in these proceedings, Pereyra-Rojas challenges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the adequacy of the notice to appear. Although the exhaustion requirement in 8 U.S.C. § 1252(d)(1) is not jurisdictional, *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1110 (2023), the exhaustion requirement is mandatory if a party timely urges us to apply it, *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because the government timely raised § 1252(d)(1), Pereyra-Rojas's challenge to the adequacy of the notice to appear is not properly before us.

2.      Pereyra-Rojas, through counsel, waived an explanation of his procedural rights at the master calendar hearing. He now argues that the IJ should have explained to him his apparent eligibility for pre-conclusion voluntary departure. An IJ may, in some situations, question an alien directly to "confirm he understands the legal consequences of his decisions. But those circumstances typically involve an applicant who is proceeding pro se. On the other hand, we typically allow IJs to rely on representations by counsel." *Troncoso-Oviedo v. Garland*, 43 F.4th 936, 942 (9th Cir. 2022) (cleaned up). The IJ was entitled to rely on Pereyra-Rojas's attorney's waiver of an explanation of Pereyra-Rojas's procedural rights.

3.      Pereyra-Rojas, through counsel, conceded that his conviction for embezzlement, Cal. Penal Code § 503, was a crime of moral turpitude that barred cancellation of removal and post-conclusion voluntary departure. *See de Rodriguez v. Holder*, 724 F.3d 1147, 1152 (9th Cir. 2013) (explaining that an alien's concessions "are binding" where "there is no possibility that [the alien] mistakenly conceded removability based on a now-questionable rule of law"

(distinguishing *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003))).

4. The IJ analyzed Pereyra-Rojas's proposed particular social groups ("PSGs") under the specific facts of this case, *see Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1086 (9th Cir. 2020), by examining the documents he submitted regarding country conditions in Peru[1] and by concluding that those documents did not prove that his proposed PSGs are sufficiently distinct or particular in Peru. The IJ further concluded that Pereyra-Rojas did not prove a likelihood of future persecution "on account of" his membership in any such PSG, which is consistent with a determination of whether membership in a PSG is "a reason" for persecution, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017).

5. The record does not compel the conclusion that Pereyra-Rojas will more likely than not be tortured with the acquiescence of government officials if removed to Peru, as is required to obtain relief under the Convention Against Torture. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

**PETITION DENIED.**

---

[1] Neither the documents cited by the IJ nor any other documents submitted by Pereyra-Rojas mention persecution of Peruvian deportees or Pereyra-Rojas's family, which were the two proposed PSGs in which Pereyra-Rojas claimed membership.